IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,              ) | |
| ) | Case No. 4:15CR3128 |
| Plaintiff,              ) | |
| ) | BRIEF IN SUPPORT OF MOTION |
| vs.              ) | TO INTERVENE |
| ) | |
| JEFFERY S. SIKES,              ) | |
| ) | |
| Defendant.              ) | |

    Proposed Intervenor, Middleton Electric, Inc., submits this brief in support of its Motion to Intervene. Middleton Electric, Inc. is currently a plaintiff in a Nebraska state court civil proceeding against Jeffery S. Sikes as a codefendant. The subject matter of the state court civil proceeding encompasses much of the same subject matter and allegations alleged in the indictment filed in this matter.

    On July 5, 2016, counsel for Middleton Electric, Inc. served Jeffery S. Sikes' lawyer in this proceeding, Jessica L. Milburn, with a civil subpoena duces tecum requesting the production of "any and all documents, records, materials, information, photographs, tangible objects, files, and reports concerning Case Number 4:15CR3128-JMG-CRZ in the United States District Court for the District of Nebraska and Jeffrey S. Sikes provided to your office by United States of America pursuant to Fed. R. Crim. P. 16 and/or NECrimR 16.1 and/or any other means. Please do not produce any communications protected by attorney-client privilege or the attorney work-product doctrine." On July 22, 2016, Jeffery S. Sikes moved for a protective order barring dissemination or redisclosure of any materials provided to him by the United States of America under Rule 16 of Federal Rules of Criminal Procedure.

A party may intervene in pending criminal proceedings if the proposed intervenor has Constitutional standing to move for a protective order or oppose a protective order. *United States v. Martoma*, 962 F. Supp. 2d 602, 605–06 (S.D.N.Y. 2013); *United States v. Carriles*, 654 F. Supp. 2d 557, 562 (W.D. Tex. 2009). Middleton Electric, Inc. has such standing, so its Motion to Intervene should be granted.

ARGUMENT

"The Federal Rules of Criminal Procedure make no reference to a motion to intervene in a criminal case." *United States v. Martoma*, 962 F. Supp. 2d 602, 605 (S.D.N.Y. 2013) (citing *United States v. Aref*, 533 F.3d 72, 81 (2d Cir.2008). "Nevertheless, 'it is settled law that persons affected by the disclosure of allegedly privileged materials may intervene in pending criminal proceedings and seek protective orders ....'" *Id.* (quoting *United States v. RMI Co.*, 599 F.2d 1183, 1186 (3d Cir.1979) (*citing*, *inter alia*, *United States v. Nixon*, 418 U.S. 683, 688, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974)); *United States v. Crawford Enters., Inc.*, 735 F.2d 174, 176 (5th Cir.1984). Likewise, aggrieved persons may intervene to oppose a protective order sought by a party to a criminal case. *United States v. Carriles*, 654 F. Supp. 2d 557, 561 (W.D. Tex. 2009). The requirement of this type of intervention is Constitutional standing. *Id*. 563 ("The Press must have standing in order to intervene for the purposes of opposing the Government's Motion [for a Protective Order].").

Plainly, Middleton Electric, Inc. has Constitutional standing to oppose Jeffery S. Sikes' pending motion for a protective order. "Courts…routinely have found that third parties have standing to assert their claim of access to documents in a judicial proceeding." *Pub. Citizen v. Liggett Grp., Inc.*, 858 F.2d 775, 787 (1st Cir. 1988) (citing *In re Alexander Grant & Co. Litigation*, 820 F.2d 352, 354 (11th Cir.1987); *Anderson v. Cryovac, Inc.*, 805 F.2d 1 (1st

Cir.1986); *In re Globe Newspaper Co.*, 729 F.2d 47, 50 n. 2 (1st Cir.1984); *In re San Juan Star Co.*, 662 F.2d 108 (1st Cir.1981). In *Pub. Citizen v. Liggett Grp., Inc.*, footnote 12, the Court stated:

> We have uncovered only one access case where standing was found lacking, but that case is clearly distinguishable. *Oklahoma Hospital Ass'n v. Oklahoma Publishing Co.*, 748 F.2d 1421 (10th Cir.1984), *cert. denied*, 473 U.S. 905, 105 S.Ct. 3528, 87 L.Ed.2d 652 (1985), involved a protective order entered by stipulation covering documents solely in the hands of the parties. The court found that a third party lacked standing to attack the protective order because, even if the protective order were modified, the parties in possession of the documents would not, and could not be compelled to, disseminate the documents to the third party. *Id*. at 1424–25.

*Id*. n.12. Like *Pub. Citizen v. Liggett Grp., Inc.*, Middleton Electric, Inc.'s Motion to Intervene is distinguishable from *Oklahoma Hospital Ass'n v. Oklahoma Publishing Co.*, because Middleton Electric, Inc. has a right to compel production of the documents Jeffery S. Sikes seeks to cover by his proposed protective order. Middleton Electric, Inc.'s subpoena duces tecum served upon Jessica L. Milburn grants Middleton Electric, Inc. the authority to:

> require the production for inspection, copying, testing, or sampling of designated books, papers, documents, tangible things, or electronically stored information (including writings, drawings, graphs, charts, photographs, sound recordings, and other data compilations from which information can be obtained) translated if necessary by the owner or custodian into reasonably usable form, that are in the possession, custody, or control of a person who is not a party and within the scope of Rule 26(b)

Neb. Ct. R. Disc. § 6-334(A). Thus, Middleton Electric, Inc. has Constitutional standing to oppose Jeffrey S. Sikes' motion for a protective order.

## CONCLUSION

Because Middleton Electric, Inc. has the right to intervene to oppose Jeffrey S. Sikes' motion for a protective order and has Constitutional standing to oppose Jeffrey S. Sikes' motion

3

for a protective order, this Court should grant Middleton Electric, Inc.'s Motion to Intervene for that limited purpose.

          MIDDLETON ELECTRIC, INC., Intervenor

       BY  LEININGER, SMITH, JOHNSON,
           BAACK, PLACZEK & ALLEN
           104 N. Wheeler Street
           P.O. Box 790
           Grand Island, NE  68802-0790
           (308) 382-1930
           jkrejci@gilawfirm.com

       By  /s/ Jared J. Krejci_____
           Jared J. Krejci, #25785

## CERTIFICATE OF SERVICE

  I hereby certify that on the 9th day of August 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which sent notification of such filing to the following:

  Jessica L. Milburn       Steven A. Russell
  Jessica_milburn@fd.org     Steve.russell@usdoj.gov

       By  /s/ Jared J. Krejci_____
           Jared J. Krejci, # 25785

1859-63/589623